WILLIAM M. BAILEY *vs.* WILLIAM M. BAILEY, Jun., *et als.*

A testamentary trustee was directed to hold the trust property for twenty-one years, and then to divide it among the testator's children then living and the descendants of deceased children, provided that the trustee, if he deemed it advisable, might at any time pay over to any child his share, in whole or part, "for his or her advancement in life."
*Held,* that it was not competent for the trustee to terminate the trust by dividing all the trust property among the children before the expiration of the twenty-one years merely because he thought it for the best interests of the *cestuis* to do so.

BILL IN EQUITY for instructions.

Harriet B. Bailey, by her will dated June 27, A. D. 1868, and duly proven, bequeathed certain property to her husband, the complainant, in trust to pay the net income :

" One third thereof to my said husband during his life for his own use.

" And the other two third parts thereof to and for the support, education, maintenance, or use and benefit of my children, or any or either of them for and during the term of twenty-one years after my decease, the same during said term to be taken by or paid to my said husband during so much of said term as he may live, to be by him expended and applied to the support, education, maintenance, or use and benefit of my said children, or any or either of them, or the issue of either of them, and in such payments, shares, or proportions as he may see fit, and without accountability to them or to any other person, and his receipt or acknowledgment of receipt for such purposes to be conclusive evidence thereof, and full discharge to said trust estate and to the trustee or trustees for the time being hereunder therefor.

" And I further declare that it shall be lawful at any time, or from time to time, for my said husband while acting as trustee hereunder, or for other the trustee or trustees hereunder for any time being, upon his request in writing, to take, apply, and appropriate any part or parts of the principal of said trust estate and property, not exceeding in all one full third part thereof, to his my said husband's own use and sole benefit and disposal, free of these trusts, or for my said husband by his last will and testament to dispose of and appoint the same one third part of said trust estate

and property, or so much thereof as may remain unconverted by him at his decease, to such uses and in such manner as he may see fit.

" And as to the other two thirds of the principal of said trust estate and property, I direct that, at the expiration of twenty-one years after my decease, that the same shall be conveyed, divided, and distributed to and among such of my children as may then be living, and the descendants of such as may then have deceased leaving issue then living, but so that such my then surviving children shall take in equal shares ; and the descendants of any such deceased child shall, as between brothers and sisters, take in equal shares the portion only which their parent would have taken if then living, to them and to their respective heirs forever, to their own use and in extinguishment of the trusts hereby created ; and I hereby give, bequeath, and appoint the same accordingly.

" Provided, and I declare that if, at any time before the time for the final division of said trust estate as aforesaid shall arrive, my said husband, or other the trustee or trustees hereunder for the time being, shall deem it advisable to convey or pay over to or for the use of either of my said children, for his or her advancement in life, the whole or any portion of his or her share aforesaid of said trust estate, it shall be lawful for him or them so to do, charging the portions so conveyed or paid, with interest thereon at the rate of the net income thereafter received upon the remaining portions of said trust estate, to such child to or for whom the same is so conveyed or paid towards his or her share in the final distribution and division of said trust estate.

" And I further declare that, if my said husband shall decease without having taken to his own use the one third part of said trust estate as aforesaid, and without leaving any will disposing of or appointing the same, then said one third part, or so much thereof as may then remain so unappropriated or undisposed of, if such decease occur before the expiration of said trust term of twenty-one years from my decease, shall fall into and be held upon the same trusts as the other two third parts of said trust estate ; or, if such decease occur after the expiration of said trust term, then this portion so left by my said husband shall, upon such his decease, be forthwith divided to and among my children or more

remote descendants then living, in the same manner and proportion as is hereinbefore provided as to said other two third parts of said trust estate."

Mr. Bailey, widower and trustee of the testatrix, wishing to terminate this trust as to the above mentioned two third parts of the trust estate, and to distribute such two third parts among the children of himself and his late wife, filed his bill in equity for instructions to ascertain whether under the will he had power so to do.

*June* 23, 1888. PER CURIAM. The question raised by the bill is, whether it is competent for the complainant as trustee to terminate the trust before the expiration of the twenty-one years appointed for its continuance, the opinion of the trustee being that it is for the best interest of the present *cestuis que trustent* for him to do so. But the terms of the trust are such that those who are now the *cestuis que trustent* may not be those who will be entitled as such at the end of the twenty-one years, and the question is, therefore, important. The trustee argues that he has the power under that clause of the will which gives him a discretion to convey or pay over to either of the *cestuis que trustent,* "for his or her advancement in life, the whole or any portion of his or her share of the trust estate," his contention being that the words " for his or her advancement in life " do not restrict his discretion, but are simply equivalent to " for his or her use and benefit." We think that such a construction is too lax. It may not be easy to define with precision what is meant by " advancement in life," since the meaning may depend to a greater or less degree on circumstances; but it seems to us to point to some occasion out of the every day course, when the beneficiary has in mind some new act or undertaking which calls for pecuniary outlay, and which, if properly conducted, holds out a prospect of something beyond a mere transient benefit or enjoyment. Thus, if the beneficiary were going to enter upon a business or profession, or to get married, or to build a dwelling-house, or to make some unusual repairs or renovation, it would be a proper occasion for the trustee to use his discretion. We mention these by way of illustration, as occasions which occur to us. Of course, other occasions may present themselves which are as appropriate; for though

we do not think it would be right for the trustee to transfer the
trust estate to the *cestuis* merely because he thinks it would be
for their general benefit for him to do so, without any particular
call for the transfer, yet we are of the opinion, from the language
of the will, that it was intended to allow to him a very liberal dis-
cretion.

Our decision is, that the bill does not show that the occasions
exist at present which would justify the trustee in turning over
the trust estate to the *cestuis que trustent*, and thus terminating
the trust. The cases cited by the complainant, in so far as they
afford any light, seem to us to support our conclusion. *Lowther*
v. *Bentinck*, L. R. 19 Eq. 166 ; *In re Kershaw's Trusts*, L. R. 6
Eq. 322 ; *In re Breed's Will*, L. R. 1 Ch. Div. 220.

*Thomas C. Greene*, for complainant.

*Charles Bradley & Walter F. Angell*, for respondents.